UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Julie Dalton, *individually and on behalf of all others similarly situated*,<br><br>  Plaintiff,<br><br>v.<br><br>Home Depot U.S.A., *doing business as Home Depot*,<br><br>  Defendant. | Civil No. 23-2126 (DWF/DLM)<br><br><br>**PRELIMINARY CLASS CERTIFICATION AND PRELIMINARY SETTLEMENT APPROVAL ORDER** |

**WHEREAS**, Plaintiff in this matter (the "Action") has applied for an order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, regarding certain matters in connection with a proposed settlement of the Action, in accordance with the Class Action Settlement Agreement and Release (the "Settlement" or "Settlement Agreement") entered into by the Parties and dismissing the Action upon the terms and conditions set forth in the Settlement Agreement;

**WHEREAS**, the Parties reached a settlement as a result of arm's-length negotiations between the Parties and their counsel; and

**WHEREAS**, the Court has carefully reviewed the Settlement Agreement, and all files, records, and prior proceedings to date in this matter, and good cause appearing based on the record;

**IT IS HEREBY ORDERED** that Plaintiff's motion for preliminary approval of class action settlement (Doc. No. [41]) is **GRANTED** as follows:

1. The Settlement Agreement, including the exhibits attached thereto, (Doc. No. 45-1) is preliminarily approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, pending a Final Approval Hearing on the Settlement as provided herein.

2. <u>Stay of the Action</u>.  Pending the Final Approval Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

3. <u>Preliminary Certification of Settlement Class</u>.  The proposed "Settlement Class" is hereby preliminarily certified pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure:

> All blind or visually impaired individuals or other individuals in the United States with disabilities as defined by the Americans with Disabilities Act who use or require the use of audio readouts of on-screen prompts and tactile keypads associated with payment terminals (or comparable technologies that allow the individuals to interact with payment terminals), and who have or allege they have been, or in the future will be, denied the full and equal enjoyment of Defendant's payment terminals' cash back feature at stores owned or operated by Defendant in the United States because such persons encounter(ed) a payment terminal without an audio readout and tactile keypad to obtain cash back at Defendant's stores.

4. <u>Settlement Class Representative</u>.  For purposes of the Settlement only, the Court finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that Plaintiff Julie Dalton will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in this Action and appoints her as Settlement Class Representative.

5.      Class Counsel.  For purposes of the Settlement, the Court appoints Patrick W. Michenfelder, Esq. of Throndset Michenfelder, LLC, as Class Counsel to act on behalf of the Settlement Class Representative and the Settlement Class with respect to the Settlement.  The Court authorizes Class Counsel to enter into the Settlement on behalf of the Settlement Class Representative and the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

6.      Directive to Issue Notice to Settlement Class.  Although Rule 23(c)(2)(A) provides that no notice is required for classes, like the instant Settlement Class, that are certified under Rules 23(a) and (b)(2), the Court finds that the following Notice Plan is reasonably calculated to apprise the Settlement Class members of the pendency of this Action, the terms of the Settlement Agreement, and their rights to object to the Settlement, and shall be given:

    a.      As soon as practicable, but no later than fifteen (15) days after the Court's entry of this Order, Class Counsel shall, at its expense, cause the Notice to be published on a settlement website to be located at https://www.ADAPOShomedepotsettlement.com or such other like domain name as may be available (the "Settlement Website").  The Settlement Website shall provide access to or provide direction to access copies of Plaintiff's class action complaint, motion for preliminary approval of class action settlement, and all documents filed in support of Plaintiff's motion for preliminary approval of class action settlement, together with instructions to those who wish to object to the Settlement; and

    b.      As soon as practicable, but no later than fifteen (15) days after the Court's entry of this Order, Class Counsel shall, at its expense, request that at least the following organizations publish notice immediately in their respective electronic newsletters and social media accounts:  American Council of the Blind, American Foundation for the Blind, Blinded American Veterans Foundation, Blinded Veterans Association, Foundation Fighting Blindness, Guide Dogs for the

3

Blind, National Association of Blind Merchants, National Council on Disability, and National Federation of the Blind.

7. <u>Final Approval Hearing</u>.  A hearing will be held before the Court in Courtroom 7C, 7th Floor, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota at 10:30 a.m. on January 14, 2026 ("Final Approval Hearing"), to determine:  (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether a Final Approval Order and Judgment should be entered; (c) whether the Settlement benefits as proposed in the Settlement Agreement should be approved as fair, reasonable, and adequate; (d) whether to approve the application for a Service Award for the Settlement Class Representative and an award of Attorneys' Fees and Expenses; and (e) any other matters that may properly be brought before the Court in connection with the Settlement.  The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

8. <u>Final Approval Briefing</u>.  All opening briefs and supporting documents in support of a request for final approval of the Settlement, the Service Award, and any application for Attorneys' Fees and Expenses must be filed at least thirty (30) days prior to the Final Approval Hearing.

9. <u>Objections and Appearances</u>.  Any Settlement Class Member who wishes to object to the Settlement, the Service Award, and/or the Attorneys' Fees and Expenses, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a

Final Approval Order and Judgment should not be entered thereon, or why the Service Award and/or the Attorneys' Fees and Expenses should not be granted, may do so, but must proceed as set forth in this Paragraph.  No Settlement Class Member will be heard on such matters unless they have filed the objection in this Action, together with any briefs, papers, statements, or other materials the Settlement Class Member wishes the Court to consider, at least ten (10) days prior to the Final Approval Hearing.  Any objection must include:  (i) the case name and number of the Action; (ii) the name, address, and telephone number of the objecting Settlement Class Member, and if represented by counsel, of their counsel; (iii) a statement of the specific grounds for the objection, including any factual or legal basis for the objection; and (iv) a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.  In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.  Any Settlement Class Member who fails to object to the Settlement in the manner described in the Settlement Agreement and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal

or any other means. With leave of Court for good cause shown, the Parties may take discovery of an objector or an objector's counsel. Any Settlement Class Member who objects to the Settlement shall be entitled to all of the benefits of the Settlement if the Settlement is finally approved, as long as the objecting Settlement Class Member complies with all requirements of the Settlement Agreement applicable to the Settlement Class Member.

10. Pending final approval of the Settlement, all settlement class members are prohibited from commencing any action or other proceeding against Defendant that asserts the same claims asserted in this Action. Any such proceedings, except those related to the effectuation of this Settlement, are stayed pending final approval of the Settlement. If for any reason the Court does not grant final approval, or if the Effective Date (as defined in the Settlement Agreement) does not occur for any reason, the parties will be restored to the status quo ante as set forth in the Settlement Agreement. All orders entered in connection with the Settlement, including this Order conditionally certifying the Settlement Class, will become null and void, and the Settlement Agreement will be deemed to be without prejudice to the rights of any parties, who will be restored to their respective positions as of the date of the Settlement Agreement.

Dated: October 6, 2025            s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge