**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Julie Dalton, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Home Depot U.S.A., *doing business as* Home Depot,<br><br>Defendant. | Civil No. 23-2126 (DWF/DLM)<br><br>**FINAL CLASS CERTIFICATION AND SETTLEMENT APPROVAL ORDER** |

This matter came before the Court on January 14, 2026, for a final approval hearing on Plaintiff's unopposed motion for final approval of class settlement, attorney fees, costs, expenses, and service award. (Doc. No. 50.) Based on the Court's careful review of the motion, the proposed Settlement Agreement, all related filings, and the record in this case,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's unopposed motion for final approval of class settlement, attorney fees, costs, expenses, and service award (Doc. No. [50]) is **GRANTED**.

2. The Settlement Agreement attached as Exhibit A to Plaintiff's proposed order (Doc. No. [54-1]) (the "Agreement") is approved as fair, reasonable, and adequate.

3. The Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Lawsuit") and of the strengths and weaknesses of their respective positions. The Agreement was

reached after the parties engaged in extensive settlement discussions. Counsel for the parties were therefore well-positioned to evaluate the benefits of the Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

4. The distribution of the Class Notice (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Lawsuit, the nature and terms of the proposed settlement, their right to object to the proposed settlement, and their right to appear at the Fairness Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the U.S. Constitution, the Rules of this Court, and any other applicable law.

5. The following Class is certified pursuant to Rule 23(a) and (b)(2) for purposes of settlement:

> All blind or visually impaired individuals or other individuals in the United States with disabilities as defined by the Americans with Disabilities Act who use or require audio readouts of on-screen prompts and tactile keypads associated with use of payment terminals (or comparable technologies that allow the individuals to interact with payment terminals), and who have or allege they have been, or in the future will be, denied the full and equal enjoyment of Defendant's payment terminals' cash back feature at stores owned or operated by Defendant in the United States because such persons encounter(ed) a payment terminal without an audio readout and tactile keypad to obtain cash back at Defendant's stores.

6. Plaintiff Julie Dalton fairly and adequately represents the interests of the Settlement Class in enforcing their rights in this action and is appointed Settlement Class Representative.

7. Patrick W. Michenfelder, Esq. is an experienced and competent class action counsel who efficiently, effectively, fairly, and adequately protected the interests of the putative class throughout this litigation. He is appointed Class Counsel for the Settlement Class.

8. The parties are hereby directed to implement the Agreement according to its terms and provisions.

9. Upon entry of this Order, the Injunctive Releasing Parties shall, by operation of this Order, fully and finally release, acquit, and discharge Defendant from the Released Injunctive Claims in accordance with the terms of the Agreement.

10. The Court shall retain jurisdiction to enforce the Agreement against all parties.

Dated:  January 14, 2026            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge